IN THE INTEREST OF J.E.
IN THE INTEREST OF M.E-D.
Nos. 29684, 29685
Intermediate Court of Appeals of Hawaii.
September 14, 2009.
On the briefs:
Herbert Y. Hamada, for Mother-Appellant.
Catherine A. Betts Mary Anne Magnier, Deputy Attorneys General, for Petitioner-Appellee.

SUMMARY DISPOSITION ORDER
NAKAMURA, Presiding Judge, FUJISE and LEONARD, JJ.
In this consolidated appeal of Nos. 29684 and 29685, Mother-Appellant (Mother) appeals the February 19, 2009 Orders Awarding Permanent Custody entered by the Family Court of the First Circuit (family court),[1] which awarded permanent custody of her minor children J.E. and M.E-D. to Petitioner-Appellee the State of Hawaii, Department of Human Services (DHS).[2]
On appeal, Mother claims that the family court lacked jurisdiction over J.E. and M.E-D. because "there could not be a finding of harm or threatened harm to the two children[.]" Mother also claims that DHS failed to provide Mother with a reasonable opportunity to reunite with her children before termination of her parental rights.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's points of error as follows:
(1) In order to have jurisdiction over the children, the family court was required to find, and did find that the children's "physical or psychological health or welfare is subject to imminent harm, has been harmed, or is subject to threatened harm by the acts or omissions of the child's family." Hawaii Revised Statutes (HRS) § 587-11 (2006). Mother contested the Petition for Temporary Foster Custody and requested a trial on the matter. At the trial scheduled for March 7, 2008, Mother failed to appear and was defaulted. The family court found that it had jurisdiction pursuant to HRS § 587-11 and awarded foster custody of the children to DHS. The order awarding temporary foster custody was a final appealable order which Mother did not appeal. In re Doe, 77 Hawai`i 109, 115, 883 P.2d 30, 36 (1994). Therefore, Mother may not challenge the family court's finding of harm or threatened harm because she failed to timely appeal the order awarding temporary foster custody.
(2) Mother claims that DHS failed to provide reasonable efforts to reunify Mother with the children. Specifically, Mother argues that DHS was required to provide an opinion as to whether Mother needed residential drug treatment after she failed to complete outpatient services. Mother's claim is without merit. After Mother's substance abuse assessments, outpatient services were recommended and Mother was referred to outpatient services twice. There is no evidence that residential treatment was required or recommended for Mother.
Mother was required, by the family court's May 14, 2009 order, to complete drug abuse treatment, parenting classes, outreach counseling, and complete a psychological evaluation. During the nine months between the family court's May 14, 2008 order and the time of trial, Mother did not complete any of the required services. Therefore, the family court did not err by awarding permanent custody of J.E. and M.E-D. to DHS.
Therefore,
IT IS HEREBY ORDERED that the February 19, 2009 Orders Awarding Permanent Custody in FC-S Nos. 07-11655 and 07-11656 of the Family Court of the First Circuit, are affirmed.
NOTES
[1] The Honorable Linda S. Martell presided.
[2] The parental rights of both Fathers of J.E. and M.E-D. were also terminated by this order. Neither Father has appealed from the order.